UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

HUAZHEN DONG,                        :

           Petitioner                :        CIVIL ACTION NO. 1:25-82

v.                                   :             (JUDGE MANNION)

ANGELA HOOVER,                       :

           Respondent[1]             :


## MEMORANDUM

Pending before the court is a report from United States Magistrate Judge Susan E. Schwab which recommends that the petition for writ of habeas corpus filed in the above-captioned matter be denied. (Doc. 13). The petitioner filed objections to the report (Doc. 14) to which the government responded (Doc. 15). After initially reviewing the report and objections, the court ordered the respondent to file supplemental briefing. (Doc. 16). In response, both parties submitted supplemental briefing. (Docs. 17, 18).

---

[1] The petitioner named both Angela Hoover, the Warden of the Clinton County Correctional Facility, and Brian McShane, identified as the Acting Field Director, Enforcement and Removal Operations, of Immigration and Customs Enforcement, as respondents. As discussed by Judge Schwab in her report, only the warden of the prison where the petitioner is held is considered a proper respondent. *Rumsfeld v. Padilla*, 542 U.S. 426, 442 (2004). As such, Brian McShane will be dismissed as a respondent.

Upon review of the record, the court will adopt the report in part and decline to adopt the report in part as further discussed herein.

When objections are timely filed to the report and recommendation of a magistrate judge, the district court must review *de novo* those portions of the report to which objections are made. 28 U.S.C. §636(b)(1); *Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir. 2011). Although the standard is *de novo*, the extent of review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to the extent it deems proper. *Rieder v. Apfel*, 115 F.Supp.2d 496, 499 (M.D.Pa. 2000) (citing *United States v. Raddatz*, 447 U.S. 667, 676 (1980)).

For those sections of the report and recommendation to which no objection is made, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; *see also Univac Dental Co. v. Dentsply Intern., Inc.*, 702 F.Supp.2d 465, 469 (M.D.Pa. 2010) (citing *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987) (explaining judges should give some review to every report and recommendation)). Nevertheless, whether timely objections are made or not, the district court may accept, not accept, or modify, in whole or in part, the

findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); Local Rule 72.31.

The full background and procedural history of this matter have been summarized by Judge Schwab in her report. (Doc. 1, pp. 1-4). As neither party raises any challenge to this aspect of the report, the court adopts Judge Schwab's summarization as if fully set forth herein. For purposes of this memorandum, suffice it to say that the petitioner, an alien in immigration custody, filed the instant action challenging her continued detention by the Department of Homeland Security ("DHS")/Immigration and Customs Enforcement ("ICE") pending her on-going removal proceedings. The petitioner raises two challenges to her continued detention: (1) that she is not subject to mandatory detention under 8 U.S.C. §1226(c) because she was never taken into criminal custody and therefore was not "released" from any form of criminal custody[2]; and (2) that her continued detention without a bond hearing has become prolonged and violates her due process rights.

---

[2] Title 8 U.S.C. §1226(c), which provides for mandatory detention of, among others, aliens convicted of certain crimes, sets forth, in relevant part, that "[t]he Attorney General shall take into custody any alien who [is inadmissible or deportable for certain reasons] **when the alien is released**, without regard to whether the alien is released on parole, supervised release, or probation, and without regard to whether the alien may be arrested or imprisoned again for the same offense." 8 U.S.C. §1226(c)(1) (emphasis added). The petitioner believes that because she was sentenced to

*(footnote continued on next page)*

In considering the petitioner's claims, Judge Schwab first determined that the petitioner is, in fact, subject to mandatory detention under §1226(c) based upon her predicate offense[3] and despite her argument that she had never been in criminal custody. In so finding, Judge Schwab relied largely upon the Supreme Court's decision in *Nielson v. Preap*, 586 U.S. 392 (2019). In *Preap*, the Court provided that the scope of the term "the alien" in the when released clause of §1226(c)(1) is "fixed by the predicate offenses identified" in §1226(c)(1)(A)-(D).[4] *Id.* at 408. The Court further found that anyone who falls under the description of the predicate offenses identified falls under the

---

probation and never placed into custody in her criminal case, she was never "released" from custody and, therefore, she does not fall within the "when the alien is released" clause of §1226(c)(1).

[3] The petitioner was convicted under 8 U.S.C. §1324(a)(1)(A)(iii) (providing criminal penalties for any person who "knowing or in reckless disregard of the fact than an alien has come to, entered, or remains in the United States in violation of law, conceals, harbors, or shields from detection, or attempts to conceal, harbor, or shield from detection, such alien in any place, including any building or any means of transportation"). She does not argue that her conviction is not one of the predicate convictions that could subject her to mandatory detention under §1226(c)(4). She argues only that because she was never in custody in her criminal case, she was never released from that custody, and therefore she does not come within the "when the alien is released" clause of §1226(c)(1).

[4] As noted by Judge Schwab, at the time of *Preap*, §1226(c) had only two paragraphs. The Laken Riley Act, signed into law on January 29, 2025, amended §1226(c), adding additional paragraphs. *See* Laken Riley Act, Pub. L. No. 119-1, 139 Stat. 3 (Jan. 29, 2025).

detention mandate even if the Secretary did not arrest them immediately when they were released. *Id.* Of import here, the Court found that the "when the alien is released" language applies only in those cases where the alien was once in criminal custody. In other situations, when the alien had not been in criminal custody, the Court found the phrase was irrelevant.[5] In this regard, the Court concluded "[i]t follows that both of subsection (c)'s mandates – for arrest and for release – apply to any alien linked with a predicate offense identified in subparagraphs (A)-(D), regardless of exactly when or even whether the alien was released from criminal custody." *Id.* at 418.

Assuming the petitioner was never in criminal custody, Judge Schwab found that it follows she was not arrested by immigration authorities under §1226(c)(1). However, Judge Schwab found that does not mean that the petitioner is not subject to mandatory detention under §1226(c)(4), as *Preap* held that what determines whether someone is subject to mandatory detention is whether they fall within any of the predicate offenses of §1226(c)(1), not when – or even whether – they were arrested by immigration authorities after being released from criminal custody. As such, Judge Schwab found that the petition should be denied on this basis.

---

[5] Judge Schwab provides a thorough discussion of the reasons the Court came to this conclusion in her report. For the sake of brevity, the court simply incorporates that discussion herein by reference.

- 5 -

The petitioner has filed objections asking this court to reject Judge Schwab's finding that she is subject to mandatory detention under §1226(c). In doing so, she does not dispute that she has a requisite conviction identified by the mandatory detention provision, but she continues to argue that she cannot be subject to mandatory detention because she was never "released" from any form of criminal custody. The petitioner does so acknowledging that the Board of Immigration Appeals has interpreted *Preap*, albeit in an unpublished decision, to mean that the mandatory detention provisions apply even without any criminal custody whatsoever. (Doc. 1, Ex. E).

The court has carefully reviewed Judge Schwab's analysis of the issue. Considering that analysis, including the discussion of *Preap*, the court finds Judge Schwab's determination that the petitioner is subject to mandatory detention under §1226(c), despite the fact that she was never "released" from any form of custody, to be sound. Therefore, the court will overrule the petitioner's objections and adopt Judge Schwab's report in this regard.

Next, Judge Schwab considered the petitioner's argument that her continued detention violates her due process rights. In doing so, Judge Schwab looked to the Third Circuit's decisions in *Diop v. ICE/Homeland Sec.*, 656 F.3d 221 (3d Cir. 2011), and *Chavez-Alvarez v. Warden York Cty. Prison*, 783 F.3d 469 (3d Cir. 2015), wherein the Third Circuit addressed the

- 6 -

prolonged detention of aliens under §1226(c). As discussed by Judge

Schwab:

> In *Diop*, applying the cannon of constitutional avoidance, the Third Circuit held that §1226(c) "implicitly authorizes detention for a reasonable amount of time, after which the authorities must make an individualized inquiry into whether detention is still necessary to fulfill the statute's purposes of ensuring that an alien attends removal proceedings and that his release will not pose a danger to the community." 656 F.3d at 231. The court reasoned that "[a]t a certain point, continued detention becomes unreasonable and the Executive Branch's implementation of §1226(c) becomes unconstitutional unless the Government has justified its actions at a hearing inquiring into whether continued detention is consistent with the law's purposes of preventing flight and dangers to the community." *Id.* at 232. Thus, the court concluded that when detention becomes unreasonable, which determination is based on a "fact-dependent inquiry," "the Due Process Clause demands a hearing, at which the Government bears the  burden of proving that continued detention is necessary to fulfill the purposes of the detention statute." Id. at 233.

(Doc. 13, pp.17-18).

The *Diop* court provided that the case for continued detention without

a hearing into its necessity becomes "suspect" when detention continues

past the five-month period identified in *Demore v. Kim*, 538 U.S. 510, 531

(2003), as the time it generally takes to decide a case in which the alien

chooses to appeal. *Diop*, 656 F.3d at 234.

In *Chavez-Alvarez*, the Third Circuit further discussed at what point

continued detention without a bond hearing violates due process:

[D]ue process requires us to recognize that, at a certain point - which may differ case by case - the burden to an alien's liberty outweighs a mere presumption that the alien will flee and/or is dangerous. At this tipping point, the Government can no longer defend the detention against claims that it is arbitrary or capricious by presuming flight and dangerousness: more is needed to justify the detention as necessary to achieve the goals of the statute. As we said in *Diop*, section 1226(c) "implicitly authorizes detention for a reasonable amount of time, after which the authorities must make an individualized inquiry into whether detention is still necessary to fulfill the statute's purposes of ensuring that an alien attends removal proceedings and that his release will not pose a danger to the community." *Id*. at 231. In Diop's case, we weighed the goals of the statute against the personal costs to his liberty resulting from his detention of roughly two years, eleven months, and concluded that Diop's detention was unconstitutional. *Id*.

*Chavez-Alvarez*, 783 F.3d at 474–75. As discussed by Judge Schwab, the Third Circuit concluded in *Chavez-Alvarez* that "beginning sometime after the six-month timeframe considered by *Demore*, and certainly by the time Chavez-Alvarez had been detained for one year, the burdens to Chavez-Alvarez's liberties outweighed any justification for using presumptions to detain him without bond to further the goals of the statute. *Id*. at 478.

Subsequently, in *German Santos v. Warden Pike Cnty. Corr. Facility*, 965 F.3d 203 (3d Cir. 2020), the Third Circuit identified a non-exhaustive list of factors to consider in determining whether an alien's detention has become unreasonable. *Id*. at 210. That list includes: (1) the duration of the alien's detention; (2) whether the alien's detention is likely to continue; (3)

- 8 -

the reasons for any delay; and (4) whether the conditions under which the alien is confined are "'meaningfully different' from criminal punishment" *Id.* at 211 (quoting *Chavez-Alvarez*, 783 F.3d at 478).

In considering those factors in this case, Judge Schwab first looked at the duration of the petitioner's detention, which the Third Circuit has identified as the "most important factor." *Id.* At the time of Judge Schwab's report, the petitioner had been detained a little over nine months. Considering a plethora of cases from this district considering at what point continued confinement without a hearing becomes unreasonable, Judge Schwab found that the petitioner's detention for a little more than nine months had not yet reached the tipping point when the length of detention would weigh in favor of a bond hearing.

As to the second *German Santos* factor, whether the alien's detention is likely to continue, Judge Schwab found that the petitioner's detention will likely continue for some time and exactly how long could not be determined. Thus, Judge Schwab found that this factor weighs in favor of a finding of unreasonableness.

With respect to the third factor, the reasons for the delay, Judge Schwab determined that this factor is neutral. In doing so, she found that there is no evidence of bad faith on the part of the government. Moreover,

- 9 -

despite the respondent's argument that the court should find that the petitioner has delayed her own proceedings by filing various motions in her case, Judge Schwab found that the time it takes for the petitioner to file and litigate her applications and motions should not be held against her. *German Santos*, 965 F.3d at 212. Further, Judge Schwab found that there was no evidence to indicate that the petitioner was doing anything other than presenting good faith claims and was not trying to purposefully delay her removal.

Finally, in considering the fourth factor, whether the conditions under which the alien is confined differ meaningfully from criminal punishment, Judge Schwab found that the petitioner is detained at the Clinton County Correctional Facility where she is being held with individuals being punished criminally. As such, Judge Schwab found the fourth factor weighs in favor of a finding of unreasonableness. *See German Santos*, 965 F.3d at 213 (confinement at Pike County Correctional facility was indistinguishable from criminal punishment). *See also Chavez-Alvarez*, 783 F.3d at 478 (although termed "civil detention," confinement at the York County Correctional Facility with those imprisoned for criminal offenses cannot be differentiated from penal measures).

Although some factors weighed in favor of a finding of unreasonableness, Judge Schwab found that others were either neutral or weighed against a finding of unreasonableness. Considering that what has been termed the "most important factor," i.e., the length of confinement, weighed against a finding of unreasonableness, Judge Schwab concluded that due process did not demand a bond hearing in the petitioner's case.

The court has given careful consideration to the report of Judge Schwab. While the reasoning for recommending that a bond hearing be denied was sound at the time of the report, circumstances have changed. In this regard, since the filing of the report and supplemental briefing in this matter, the petitioner has now been detained for a period of approximately twenty months without an individualized bond hearing. Further, it appears that the petitioner faces being detained for several months more. The Executive Office for Immigration Review's Automated Case Information System reflects that, on August 20, 2025, the petitioner's adjustment of status application was denied by the immigration judge.[6] The petitioner filed an appeal of that decision to the Board of Immigration Appeals (BIA) on September 10, 2025. A timely brief in support of that appeal was filed on

---

[6] https://acis.eoir.justice.gov/en/caseinformation (last visited March 10, 2026).

- 11 -

February 23, 2026. With the briefing schedule having expired, no brief was received from DHS. At this stage, it is unknown exactly how long it will take the BIA to decide the petitioner's appeal. However, the potential is for many more months.

At the current time, the petitioner's detention is now comparable to the detention at issue in *Chavez-Alvarez* wherein the Third Circuit granted the habeas petition finding that the petitioner's right to due process was violated by detaining him under §1226(c) for more than a year and a half at the time of the court's decision without a bond hearing. Further, as outlined by Judge Schwab, decisions from this district support a finding that the length of the petitioner's current detention without an individualized bond hearing is unreasonable. *See, e.g., Baptista v. Lowe*, 2024 WL 3410587, at *1 (M.D. Pa. May 7, 2024) (granting habeas petition of an alien detained for 19 months); *Clarke v. Doll*, 481 F.Supp.3d 394, 397 (M.D.Pa. 2020) (granting habeas petition of an alien detained for 20 months); *Elyardo v. Lechleitner*, 2023 WL 8259252, at *2 (M.D.Pa. Nov. 29, 2023) (granting habeas petition of an alien detained for approximately 19 months); *Malede v. Lowe*, 2022 WL 3084304, at *5 (M.D.Pa. Aug. 3, 2022) (granting habeas petition of an alien detained for nearly 18 months); *Bah v. Doll*, 2018 WL 5829668, at *1 (M.D. Pa. Nov. 7, 2018) (granting habeas petition where the petitioner had

been in custody in excess of 14 months without an individualized bond hearing).

Given the lengthy duration of the petitioner's detention to this point and the likelihood that her detention will continue for many more months while the BIA considers her appeal, the court concludes that the petitioner's continued detention without an individualized bond hearing violates her right to due process. As such, the Court will decline to adopt the report in this respect, grant the petition for writ of habeas corpus, and direct the respondent to provide the petitioner with an individualized bond hearing within twenty-one (21) days, at which the government shall bear the burden of proof. *See, e.g., Borbot v. Warden Hudson Cnty. Corr. Facility*, 906 F.3d 274, 279 (3d Cir. 2018) (noting that the government bears the burden of proof in bond hearings conducted under Section 1226(c)).

An appropriate order shall issue.


**MALACHY E. MANNION**
**United States District Judge**

**DATE:** 3/13/26

25-82-01

- 13 -